WILLIAM M. NEWMAN, Appellant and Respondent, v. GEORGE H. GODDARD, Appellant and Respondent.

*Motion for a new trial on a case and exceptions — within what time it must be made — Action ex delicto — not barred by a discharge in bankruptcy.*

Appeal by the defendant from so much of an order as denies a motion made by the defendant for a new trial made upon a case and exceptions, and by the plaintiff from so much of the order as overruled the plaintiff's preliminary objections to the hearing of the motion.

The action was brought to recover damages for the forcible expulsion of the plaintiff from his place of business in the city of Camden, Arkansas, in May, 1861, by the defendant and other persons who were associated with him. The case has already been before the General Term and is reported in 3 Hun, at page 70.

Judgment in favor of the plaintiff was entered, on the second trial, on December 18, 1875, and notice thereof was served on the defendant's attorney on December 20, 1875.

On April 10, 1877, a notice of a motion for a new trial on a case and exceptions was served. The plaintiff objected to the hearing of the motion, on the ground that the motion was served too late.

The court, at General Term, said : " It is very doubtful whether a motion for a new trial upon a case and exceptions can be made after the time to appeal from the judgment has expired.

" A different question arises where the motion is upon the ground of newly discovered evidence. Such evidence may be discovered after as well as before judgment, and the propriety of not limiting the right to the period between trial and appeal from judgment is apparent. But it is not necessary to pass definitely upon this question, as we are of opinion that the motion itself was properly denied.

" The main question is as to the effect of the bankrupt discharge. We do not think that the present cause of action was affected thereby. This is a claim for unliquidated damages for a

wanton trespass. The seizure and conversion of the plaintiff's property was but an incident. The action was entirely *ex delicto*. The wrong and outrage perpetrated by the defendant was the gist of the complaint.

"There was but one indivisible cause of action. For that reason the plaintiff could not prove his damages for the conversion in the bankrupt court, and proceed at law for the trespass.

"His claim for actual, compensatory and punitive damages for the wrong inflicted upon his person and rights as a citizen, for the indignity put upon him, and for the outrage to his feelings, was inseparably connected with the attendant destruction of his property interests."

*H. J. Scudder*, for the appellant. *Joseph Larocque*, for the respondent.

Opinion *per Curiam*.

Present — Davis, P. J., Brady and Barrett, JJ

The order appealed from by the defendant affirmed, with costs. So much of the order as is appealed from by the plaintiff affirmed, without costs.